STATE, CHRISTIE, PROSECUTOR, v. McNEAL, COLLECTOR OF BAYONNE.

1. The act entitled "An act to give certain active and exempt firemen the same advantages in respect to taxes and jury duty as now are or hereafter may be allowed to members of the national guard of this state," approved April 25th, 1884, is an imperfect and incomplete act of legislation in that the privileges intended to be conferred are not specified in the body of the act, and the act cannot be made efficacious without making section 72 of the act entitled "An act for the organization of the national guard of the State of New Jersey," (*Rev., p.* 691,) and section 8 of the supplement of April 4th, 1873, to the last-mentioned act, (*Rev., p.* 696,) a part of it.

2. The act of 1884, and the acts in relation to the national guard being entirely dissimilar in title, object and substance, the incorporation of the provisions of the last-mentioned acts into the act of 1884, would be in violation of the spirit and reason of paragraph 4 of section 7 of article IV. of the constitution.

On *certiorari* to bring up taxes assessed on the real and personal estate of the prosecutor, and also the poll tax.

Argued at February Term, 1886, before Justices DEPUE and SCUDDER.

For the plaintiff in *certiorari, C. Parker* and *De Witt Van Buskirk.*

*Contra, W. D. Edwards.*

The opinion of the court was delivered by

DEPUE, J. The prosecutor claims an exemption from taxation under the provisions of an act of the legislature, approved April 25th, 1884. *Pamph. L., p.* 265.

Section 72 of the act entitled "An act for the organization of the national guard of the State of New Jersey," provides that all general and staff officers, field officers, commissioned and uncommissioned officers, musicians and privates of the national guard shall be exempt from jury duty and poll and military tax during the time they shall perform military duty, and every person who shall have served seven years and been honorably discharged shall forever after be exempt from jury duty. *Rev., p.* 691, § 71. By section 8 of a supplement, approved April 4th, 1873, it was enacted that in addition to the exemption from general and special poll tax, the members of the national guard above named should be exempted from state, county and municipal taxation upon $500 during the period they should be actually serving in the national guard. *Rev., p.* 696, § 114.

The act of 1884, is entitled "An act to give certain active and exempt firemen the same advantages in respect to taxes and jury duty as now are or hereafter may be allowed to members of the national guard of this state." It enacts that all persons enrolled as active or exempt members of any fire or hose company, or hook and ladder organization, &c., who do not receive more than $150 per annum for their services, "shall be entitled to have and receive the same and no other advantages, in respect to taxes and jury duty, as now are or hereafter may be allowed to members of the national guard of this state."

Paragraph 4, section 7 of article IV. of the constitution, as amended in 1875, provides that " no act shall be passed which shall provide that any existing law or any part thereof shall be made or deemed a part of the act, or which shall enact that any existing law or any part thereof shall be applicable, except by inserting it in such act." The prosecutor is an exempt fireman within the terms of the act of 1884. The question arising is whether the act conforms to the constitutional provision above cited.

The object of the constitutional provision was not to curtail or embarrass the legislature in the enactment of laws, but the purpose was to obtain a fair and intelligent exercise of the law-making power. It has therefore been decided by this court and the Court of Errors that an act of the legislature which is complete and perfect in itself—the purpose, meaning and full scope of which is apparent on its face—is valid though it may provide for actions or means for carrying its provisions into effect by reference to a course of procedure established by other acts of the legislature, (*Campbell* v. *Board of Pharmacy,* 16 *Vroom* 241, 245 ; *S. C.,* 18 *Id.* 347,) and that an act which in itself is a complete and perfect act of legislation may provide for ancillary proceedings to accomplish the purposes expressed in the act by a reference to general laws on the subject without violating the constitutional provision. *De Camp* v. *Hibernia R. R. Co.,* 18 *Vroom* 43, 49. But the act now in hand does not come within range of the principle on which the cases cited were founded. It is an imperfect and incomplete act of legislation. The privileges intended to be conferred are not in any manner specified in the body of the act. No member of the legislature, called upon to cast his vote on the passage of the act, would be informed by an inspection what particular rights or privileges were designed to be conferred ; nor would the public, by inspection, be informed of the nature of the legislation about to be adopted. The act itself grants no exemption from taxation. It simply provides that the persons designated in the act shall be entitled to the same and no other

advantages in respect to taxes as may be allowed to members of the national guard of the state. Turning to section 72 of the act organizing the national guard, and section 8 of the supplement of 1873, it will be found that members of the national guard are entitled to no exemption as members of the national guard. They are entitled to such exemption only during the time they " shall perform military duty," or " shall be actually serving in the national guard."

The act of 1884 is not a supplement to the act organizing the national guard, nor is the object of the act in any sense germane to the object of the latter act, so that the provisions of the act of 1884 could have been inserted in the National Guard act or in any supplement to it. The act of 1884 stands wholly apart from the National Guard act, in title, object and substance. It can be made efficacious only by making parts of the National Guard act part of it. If it had provided that the seventy-second section of the act concerning the national guard, and the eighth section of the supplement of 1873 should be part of the act, or be applicable to the persons designated, the legislation would have been within the letter of the constitutional provision. In the shape in which it is placed, these sections are made part of the act as much as if they had been expressly referred to, and such legislation is within the spirit and reason of the constitutional provision.

For this reason we think the assessment of taxes should be affirmed, with costs.